IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEONTE LADELL FOSTER,

                      Plaintiff,

    v.

REPORTING OFFICER C. BUESCHER, J.P.D.,
JUDGE STEPHEN MEYERS,
JANESVILLE S.P.D. MICHAEL RABBIT,
JOSH KLAFF AND JUDGE MICHAEL HAAKERNSON,

                      Defendants.

OPINION AND ORDER

19-cv-244-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Deonte Ladell Foster has filed a civil action under 42 U.S.C. § 1983 in which he challenges ongoing criminal proceedings that are pending against him in the Circuit Court for Rock County, Wisconsin. In particular, he contends that defendant C. Buescher, an officer with the Janesville Police Department, arrested him for a crime to which someone else had already confessed. Plaintiff also alleges that defendants Michael Rabbit and Josh Klaff, two of the public defenders who were appointed to represent him, provided him ineffective assistance of counsel, and defendants Judge Stephen Meyers and Judge Michael Haakernson, two Rock County judges, have delayed his trial on multiple occasions. (A review of Wisconsin's online court records shows that plaintiff's criminal trial is scheduled for August 23, 2019. State v. Foster, 2017CF1545 (Cir. Ct. Rock County)).

      Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be

1

granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff cannot proceed on his claims in federal court.

First, except in narrow circumstances not present in this case, a federal court may not enjoin a state prosecution. Younger v. Harris, 401 U.S. 37, 45 (1971); Nelson v. Murphy, 44 F.3d 497, 501 (7th Cir. 1995). If an individual believes that a state criminal prosecution is unconstitutional, he must first exhaust all of his remedies (including available appeals) in state court before seeking relief in federal court through a petition for a writ of habeas corpus.

Second, plaintiff may not sue judges for damages or injunctive relief in federal court. Judges are immune for actions made in their official capacity, even if their acts are "flawed by commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 502 U.S. 9, 10 (1991).

For these reasons, I will dismiss plaintiff's complaint. If plaintiff wishes to challenge the constitutionality of his ongoing criminal prosecution, he must do so in state court.

ORDER

IT IS ORDERED that

1. Plaintiff Deonte Ladell Foster's complaint is DISMISSED under Younger v. Harris, 401 U.S. 37, 45 (1971).

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 11th day of July, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge